IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TODD A. JONES, | : |
| | : Case No. 2:05-CV-137 |
| Plaintiff, | : |
| | : |
| v. | : JUDGE JAMES L. GRAHAM |
| | : |
| | : |
| OHIO STATE UNIVERSITY, *et al.*, | : Magistrate Judge Norah McCann King |
| | : |
| Defendants. | : |

**OPINION AND ORDER**

This Court previously considered plaintiff's *Motion to Impose Scantions (sic) on Defendants Ohio State University Et Al Discovery Incomplete Objection to Summary Judgment Cross-Motion Filing Pending* ("*Plaintiff's Motion for Sanctions*"), Doc. No. 58, and, on February 9, 2007, issued an *Order* requiring further response from defendants, Doc. No. 71. Defendants have now filed *Defendants' Response to this Court's Order to Show Cause Dated February 9, 2007* ("*Defendant's Response*"), Doc. 73, to which plaintiff had made multiple responses. Doc. Nos. 75, 76, 77. For the reasons set forth below, *Plaintiff's Motion for Sanctions* is **DENIED**.

I.    STANDARD

Plaintiff requests sanctions in the form of an adverse inference, striking an affidavit, an award of expenses including attorney fees, and any other appropriate sanction for defendants' alleged bad-faith conduct during discovery. *Plaintiff's Motion for Sanctions* at 1-2.

It is well settled that federal trial courts have the inherent power to manage their own

dockets, *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961), and to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, # (6th Cir. 2002). The imposition of sanctions, or the type of sanctions imposed, falls within the sound discretion of the trial court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

## II.     DISCUSSION

In *Plaintiff's Motion for Sanctions*, plaintiff complains that certain documents were not produced, that he was not given an appropriate amount of time to read his deposition before defendants used it to support their motion for summary judgment and that an affiant, upon whose affidavit defendants rely to support their motion for summary judgment, was not named as a party or as a witness.

This Court's February 9, 2007, *Order* directed defendants to produce or to properly object to plaintiff's request for production of the personnel files of the individual defendants. In *Defendants' Response*, defendants represent that their failure to produce these files was an oversight and assure that the files will be produced forthwith. Defendants are **ORDERED** to produce the files within five (5) days of the date of this *Opinion and Order*, if they have not done so already.

In *Plaintiff's Motion for Sanctions*, plaintiff also complains that the transcript of his deposition was improperly filed in support of *Defendants' Motion for Summary Judgment*. This Court's February 9, 2007, *Order* directed defendants to respond to this contention. In

2

*Defendants' Response*, defendants explain:

> Plaintiff reviewed his transcript on December 13, 2006 and made only two changes. Because of an unexpected backlog at the court reporting agency, the undersigned had to order an expedited transcript just to have a copy before the dispositive motion deadline. The undersigned was under the impression that the agency was to file the errata sheet with the Court as soon as it was ready. A true and accurate copy of this certification is attached as Exhibit B. In any event, far from prejudicing the Plaintiff, the timing of the filing of his deposition advantaged the Plaintiff because he was able to see from Defendants' motion for summary judgment how his deposition was used prior to reviewing the transcript. Despite this advantage, Plaintiff made only two immaterial changes to his testimony.

Doc. No. 73. Based on its review of the errata sheet, the Court agrees that plaintiff was afforded an opportunity to review the transcript, that the changes made by plaintiff are immaterial and that plaintiff has not been prejudiced by the timing of defendant's filing of the transcript.  As it relates to this issue, *Plaintiff's Motion for Sanctions* is **DENIED.**

Finally, in *Plaintiff's Motion for Sanctions*, plaintiff requests that the *Affidavit of Todd Hunter*, filed in support of defendants' motion for summary judgment, be stricken because defendants did not disclose Mr. Hunter as a witness pursuant to Rule 26(a) or (e) of the Federal Rules of Civil Procedure. In *Defendants' Response*, defendants contend that they opted out of the Rule 26(a) disclosures in their Rule 26(f) report, that plaintiff cannot claim surprise at Mr. Hunter's participation in this lawsuit because he is the individual who made the decision to terminate plaintiff's employment and who signed plaintiff's termination letter and that, in any event, a witness list has now been provided to plaintiff.  Doc. No. 77.  Because plaintiff has now been supplied with a witness list and will be granted additional time to depose Mr. Hunter and to supplement his response to defendants' motion for summary judgment, if he wishes, plaintiff's request that this affidavit be stricken is **DENIED**.

After carefully reviewing *Defendants' Response* and plaintiff's replies, the Court concludes that sanctions are not warranted, and *Plaintiff's Motion for Sanctions*, Doc. No. 58 is **DENIED**.

The final pretrial conference and trial dates are **VACATED.**  A conference will be held on March 5, 2007, at 10:00 a.m.  The Court will establish a date by which plaintiff may further respond to the motion for summary judgment, and new dates for the final pretrial conference and trial.


February 23, 2007                                          _s/Norah McCann King_
Date                                                                    Norah M<sup>c</sup>Cann King
                                                                          United States Magistrate Judge