```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**TODD A. JONES,**

    **Plaintiff,**
 vs.           Civil Action 2:05-CV-137
                 Judge Graham
                 Magistrate Judge King
**OHIO STATE UNIVERSITY,**
*et al.,*

    **Defendants.**

## OPINION AND ORDER

This is an employment action in which plaintiff, who is proceeding without the assistance of counsel, alleges that he was wrongfully dismissed from employment with the defendant university following an attack on him by his supervisor, defendant Bynes. The second amended complaint asserts claims of sex discrimination and retaliation under Title VII, 42 U.S.C. §§2000e. Plaintiff also alleges that some of the other defendants provided or procured false evidence against plaintiff and falsely pursued criminal charges against him. Plaintiff also asserts claims of slander, defamation and emotional distress.

On December 5, 2006, the university defendants filed a motion for summary judgment, Doc. No. 56, which is supported by the affidavit of Todd Hunter, Manager of Labor Relations at the time of plaintiff's termination. Mr. Hunter avers that it was he who made the decision to terminate plaintiff's employment with the university, based upon the recommendation of Chitra Iyer. Affidavit of Todd Hunter, ¶21, attached to *Defendants' Motion for Summary Judgment,* Doc. No. 56. Plaintiff has made several requests that the Hunter affidavit be stricken. However, the Court permitted plaintiff to conduct additional discovery, including discovery of Todd Hunter, Doc. Nos. 79, 86, and granted plaintiff the opportunity to supplement his response to the motion for summary judgment. Doc. No. 89.

On February 2, 2007, plaintiff filed a motion for default judgment. Doc. No. 70. Although the relief sought by plaintiff in this

motion is difficult to decipher, it appears that plaintiff once again challenges the submission of the Affidavit of Todd Hunter in support of defendants' motion for summary judgment, as well as the use of his deposition by the defendants. These matters have been previously resolved. *See* Doc. Nos. 79, 86, 89. Accordingly, Doc. No. 70, plaintiff's motion for default judgment, which is really in the nature of a discovery motion, is **DENIED.**

On March 5, 2007, plaintiff filed a motion complaining of the sufficiency of defendants' production of certain personnel records. Doc. No. 87. Because the Court has addressed the issues raised in this motion, *see* Doc. No. 89, plaintiff's motion to complete discovery, Doc. No. 87, is **DENIED** as moot.

**The Clerk shall remove from the Court's pending motions list the following motions: Doc. Nos. 70, 87.**

The Court notes that a number of plaintiff's motions, Doc. Nos. 59 ("Motion to Admit Evidence"), Doc. No. 60 ("Motion for Trial"), Doc. No. 65 ("Motion for a Speedy Trial") and Doc. No. 68 ("Motion for Further Evidence") appear to have been filed in response to defendants' motion for summary judgment.

April 19, 2007                                          *s/Norah McCann King*
                                                        Norah M<sup>c</sup>Cann King
                                                        United States Magistrate Judge